LAW OFFICES

# TYBOUT, REDFEARN & PELL

B. WILSON REDFEARN
RICHARD W. PELL
DAVID G. CULLEY
SHERRY RUGGIERO FALLON
FRANCIS X.D. NARDO
JOHN J. KLUSMAN
DANIELLE K. YEARICK
DENNIS J. MENTON

300 DELAWARE AVENUE
11TH FLOOR
P.O. BOX 2092
WILMINGTON, DELAWARE 19899-2092
(302) 658-6901

TELECOPIER
658-4018

SUSAN A. LIST
ROBERT M. GREENBERG
TIMOTHY S. MARTIN

Of Counsel:
F. ALTON TYBOUT

Writer's Direct Dial:
(302) 657-5505
bwredfearn@trplaw.com

May 9, 2005

Honorable Gregory M. Sleet
United States District Court
J. Caleb Boggs Building
844 King Street
Wilmington, DE 19801

    Re:    **Jennifer and Jeffrey Renzi v. Delaware Supermarkets, et al**
            04-707-GMS

Dear Judge Sleet:

      Pursuant to Your Honor's notice of the Scheduling Conference for May 10th, I am enclosing herewith the joint status report for the parties:

      1. Jurisdiction and Service. While the defendant does not acknowledge that this case is worth the jurisdictional amount, there is otherwise subject matter jurisdiction. All of the parties are subject to the court's jurisdiction and all have been properly served.

      2. Substance of the Action. The injured plaintiff's claim follows an accident at the defendant's supermarket on July 23, 2002. The plaintiff alleges that she tripped on a plastic strap which was attached to a merchandise pallet which was improperly placed in a customer aisle. The details of the claim are set forth in paragraph 12 of the complaint. The defendant denies that it was negligent and alternatively has alleged that the plaintiff was contributorily negligent in failing to keep a proper lookout for her own safety and/or in taking a safe, alternative route.

      3. Identification of Issues. The primary issues are the negligence of the defendant, contributory negligence of the plaintiff, and causal relationship of the injuries to the accident.

      4. Narrowing of Issues. The parties have previously agreed to narrow the issues as follows:

    a. Claim for lost wages is removed.

    b. Jurisdictional defenses are removed.

Honorable Gregory Sleet
May 9, 2005
Page 2

---

  c. Claim for emotional damages is removed.

 5. Relief. Plaintiff seeks general damages for pain and suffering along with special damages for past and future medical expenses.

 6. Amendments to Pleadings. None.

 7. Joinder of Parties. Not applicable.

 8. Discovery. The deposition of plaintiff's corporate witness has been scheduled for Tuesday, June 28th. Following that, we believe that discovery will be complete. Prior to trial there will be an updated physical examination, as well as a discovery deposition of Dr. Richard Balderston.

 9. Estimated trial length. Four days.

 10. Jury Trial. Yes.

 11. Settlement. The parties have requested referral to Magistrate Thynge. They have also consented to the jurisdiction of the United States Magistrate for all purposes, with the exception of case dispositive motions, trial and the entry of final judgment. Copy of a Consent, which has not yet been filed, is attached. Both parties request that the matter be referred to the Magistrate for a settlement conference at this time.

 Counsel for the parties have conferred relative to all of the above matters and are in agreement thereto.

           Very truly yours,

           B. WILSON REDFEARN

BWR:ma

Encl.